COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-464-CR

 

 

TIMOTHY RASHON WARNER                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Timothy Rashon Warner appeals from his
conviction and ninety-nine-year sentence for causing serious bodily injury to a
child.  In three points, he argues that
the trial court erred by admitting into evidence statements obtained from
Appellant in violation of Miranda,[2]
by admitting statements obtained from Appellant in violation of his right to
counsel, and by denying his request for a continuance when a witness was
unavailable to testify at the trial=s
punishment phase.  We affirm.

                                            Background[3]

On August 11, 2005, Appellant took the lifeless
body of three-year-old Sierra Odom to a hospital emergency room.[4]  He told hospital personnel that he had just
been in a car wreck and that Odom had been thrown from her car seat and
injured.  Efforts to revive Odom
failed.  Because the child appeared to
have been dead longer than suggested by Appellant=s story
and because of the relatively minor damage to his vehicle, hospital personnel
believed Appellant had concocted the car-wreck story to hide a crime, and they
notified the police.








Arlington Police Detective Richard Nutt went to
the hospital and interviewed hospital personnel.  He introduced himself to  Appellant and asked Appellant to accompany
him to the police station and give a statement, and Appellant agreed.  At the station, Detective Nutt gave Appellant
the Miranda warnings and interviewed Appellant.  At first, Appellant maintained that Odom had
been injured in the car wreck.  Later in
the same interview, however, he admitted that Odom was injured in Appellant=s home
while Appellant was attempting to discipline her.  At the end of the interview, Detective Nutt
drove Appellant back to Appellant=s house,
where a searchCto which Appellant=s wife
had consentedCwas underway.

Detective Nutt then took Appellant=s wife
to the station, where another detective interviewed her.  After Detective Nutt and Appellant=s wife
had left the house, Appellant conversed with the officers searching his
home.  He eventually told them that he
had shoved Odom toward a bookcase, causing her head to hit the bookcase, and
that he had staged the car accident.

In the meantime, Detective Nutt obtained a
warrant for Appellant=s arrest.  He drove Appellant=s wife
back to Appellant=s home and arrested
Appellant.  Detective Nutt then took
Appellant to the police station and read him his Miranda rights
again.  A few minutes into the interview,
the following colloquy occurred:

Detective Nutt:    Why
don=t you tell us about last
night.

 

Appellant:           Alright. 
I just don=t want to make a
mistake.  If I=m gonna make a mistake, ICI can=t afford an attorney.  Did I understand, the court appoint you one?

 

Detective Nutt:    If
you want an attorney, that is your right.

 

Appellant:           The
court appoint you one?  Is that real, or
not?

 

Detective Nutt:    Yeah,
that=s real.

 








Detective Lopez:  Yeah,
that=s one of the rights that
he, that Detective Nutt (inaudible). 
That=s one of the right=s that=s afforded to you.  And that was one of the rights that, that
Detective Nutt read to you, if you can=t afford an attorney, one may be appointed for
you.  I don=tCwithout reading it
directly off the card, I can=t tell you exactly word-for-word how it reads,
but thatCthat=s the case.  Again, that=s not something that we
handle.

 

Detective Nutt:    That=s your decision to make,
if you want (inaudible).

 

Appellant:           I
just want to tell the truth. 

 

Appellant then told the detectives that he had grabbed Odom by the
face and shoved her into a bookcase and that he had faked the car crash to
cover up the injuries. 

A grand jury indicted Appellant for intentionally
or knowingly causing serious bodily injury to a minor with an unknown deadly
weapon.  A jury convicted Appellant as
charged and made an affirmative finding to the deadly-weapon allegation.  But the jury deadlocked on punishment, and
the trial court granted Appellant=s motion
for a mistrial on punishment.  At a
second trial on punishment, another jury assessed punishment at ninety-nine
years=
incarceration, and the trial court rendered judgment accordingly. 

                                             Discussion

1.     Miranda violation








In his first point, Appellant argues that the
trial court erred by admitting testimony about the statements he made to the
police officers who searched his home after his first interview with Detective
Nutt and before Detective Nutt arrested him because those statements were the
result of a custodial interrogation and those officers did not warn him of his Miranda
rights.  The State argues that
Appellant waived his complaint by failing to object each time witnesses
testified about the statements in question.

To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley v.
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).  A
party must continue to object each time the objectionable evidence is offered. Ethington
v. State, 819 S.W.2d 854, 858B59 (Tex.
Crim. App. 1991).  A trial court=s
erroneous admission of evidence will not require reversal when other such
evidence was received without objection, either before or after the
complained-of ruling.  Leday v. State,
983 S.W.2d 713, 718 (Tex. Crim. App. 1998); Johnson v. State, 803
S.W.2d 272, 291 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259
(1991), overruled on other grounds by Heitman v. State, 815 S.W.2d 681
(Tex. Crim. App. 1991).  This rule
applies whether the other evidence was introduced by the defendant or the
State.  Leday, 983 S.W.2d at 718.








When one of the officers who searched Appellant=s homeCJohn
GonzalesCtestified,
Appellant made three objections to Officer Gonzales=s
testimony about Appellant=s statements.  First, when the prosecutor asked Officer
Gonzales about a statement Appellant made to his wife before Detective Nutt
took her to the police station, Appellant objected, and the court ruled, as follows:

[APPELLANT=S COUNSEL]:  Your honor, I want a running objection to all
of this testimony from the sergeant as to what [Appellant] said, because it=s a violation of Miranda
and any other provision of the law.  And
this line of testimony is completely out of bounds for a fair trial. 

 

THE COURT:  Your objection is
overruled, and you may have a running objection to the testimony regarding a
conversation that the Defendant had with his wife. 

 

Next, when the prosecutor asked Officer Gonzales what Appellant said
when Officer Gonzales asked him what had happened, Appellant made the following
objection:

[APPELLANT=S COUNSEL]:  Your honor, I=m going to have to object
to hearsay.  He asked for hearsay.

 

THE COURT: Okay.  You have a
running objection to the statements made by the Defendant at the home, and it=s overruled.

 

Finally, when the prosecutor asked Officer Gonzales what Appellant
said when the officer told him he did not believe Appellant=s story,
Appellant objected,

[APPELLANT=S COUNSEL]:  Your honor, I=m going to object to what
he said at this time.  He has not been
warned by this officer of his Miranda rights.








THE COURT:  Okay.  And you have a running objection to all of
the statements made by the Defendant in the home, and it=s overruled.

 

But when another detectiveCDaniel
RhodesCtestified
extensively about Appellant=s
in-home statements, Appellant made no objection.

A running objection requested by defense counsel,
if granted by the trial court, may be sufficient to preserve error when another
witness testifies to the same matter if the objection was timely, stated the
specific grounds, and requested the ruling later denied.  Ethington, 819 S.W.2d at 858B59; Scaggs
v. State, 18 S.W.3d 277, 292 (Tex. App.CAustin
2000, pet. ref=d); see Sattiewhite v. State,
786 S.W.2d 271, 283 n.4 (Tex. Crim. App. 1989) (observing that there are
situations in which a running objection may be more appropriate than a
redundant and disruptive series of objections) cert. denied, 498 U.S.
881 (1990).  In Ford v. State, the
court of criminal appeals held that a running objection extended to other
witnesses when the defendant asked for a running objection to Aextend
to all witnesses,@ if they testified to the same
type of matter.  919 S.W.2d 107, 113
(Tex. Crim. App. 1996); see also Campos v. State, 256 S.W.3d 757,
760 (Tex. App.CHouston [1st Dist.] 2008, pet.
ref=d).








In the case before us, unlike Ford,
Appellant did not ask for his running objection to Officer Gonzales=s
testimony to apply to all witnesses.  See
Scaggs, 18 S.W.3d at 292B93.  And Appellant failed to object when Daniel
Rhodes testified about Appellant=s
statements in the home.  Thus, he failed
to preserve his complaint as to that testimony. 
Leday, 983 S.W.2d at 718. 
We overrule Appellant=s first
point.

2.     Denial of Motion for Continuance

In his second point, Appellant argues that the
trial court erred by denying his motion for continuance at the second
punishment trial when a witnessCAppellant=s wifeCwas
unavailable to testify, thereby violating Appellant=s
Confrontation Clause rights.

During the first trial=s
guilt/innocence phase, Appellant=s wife
testified that she was asleep on the night of Odom=s death
when Appellant called her to a bedroom. 
When she went to the bedroom, she could see that something was wrong
with Odom, who soon fell unconscious and died. 
Appellant=s wife dressed the corpse and
helped Appellant strap it into a car seat in their vehicle.








At the time of the second punishment trial,
Appellant=s wife was apparently recuperating
from a gunshot wound in a Louisiana hospital. 
The State read her testimony from the prior trial to the jury.  The next day, Appellant orally moved for a
continuance to secure her attendance at trial. 
Appellant=s counsel represented to the
trial court that Appellant=s wife
would testify that another child in Appellant=s home
injured Odom.  The trial court requested
additional information about Appellant=s wife=s
condition.  Appellant=s
counsel called the Louisiana hospital and learned that Appellant=s wife
was in intensive care and on a ventilator. 
The trial court denied Appellant=s
request for continuance.

A motion for continuance must be written or
sworn; otherwise, it preserves nothing for review.  Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08
(Vernon 2006); Dewberry v. State, 4 S.W.3d 735, 755 (Tex. Crim. App.
1999), cert. denied, 529 U.S. 1131 (2000).  Because Appellant=s motion
was not in writing, he preserved nothing for our review, and we overrule his
second point.

3.     Violation of Right to Counsel

In his third point, Appellant argues that the
trial court erred by admitting into evidence Appellant=s second
videotaped statement to Detective Nutt after the point in the interview when
Appellant purportedly requested counsel. 
Appellant does not identify where in the record he objected to Detective
Nutt=s
testimony or the admission of the interview recordings on this basis, and our
own review of the record reveals no such objection.  Further, when the State offered the interview
video recordings, Appellant stated that he had no objection to them. 








A defendant waives error if he affirmatively
asserts that he has no objection when evidence is offered, even if he made an
otherwise error-preserving objection before trial or outside the presence of
the jury.  See Jones v. State, 962
S.W.2d 158, 167 (Tex. App.CFort
Worth 1998, no pet.); Tuffiash v. State, 948 S.W.2d 873, 876 (Tex. App.CSan
Antonio 1997, pet. ref=d).  Because Appellant did not object to the
admission of his statements made after his purported demand for counsel and
affirmatively stated that he had no objection to their admission, we hold that
he waived his complaint, and we overrule his third point.

                                             Conclusion

Having overruled all of Appellant=s
points, we affirm the trial court=s
judgment.

 

ANNE
GARDNER

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 30, 2009











[1]See Tex. R. App. P. 47.4.





[2]Miranda v. Arizona, 384 U.S. 436, 86 S. Ct.
1602 (1966); see Tex. Code Crim. Proc. Ann. art. 38.22, ' 2 (Vernon 2005).





[3]Because Appellant does
not contest the sufficiency of the evidence to support his conviction, we will
set out only so much of the evidence as required to put Appellant=s points into context.





[4]Sierra was one of
Appellant=s foster children.